UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:04CR-40-H

UNITED STATES OF AMERICA                                        PLAINTIFF

V.

CEDRIC JOHNSON                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Both Defendant and the United States have filed objections to the Magistrate Judge's

ruling that suppressed certain evidence found pursuant to a search warrant issued January 31,

2004.  The Magistrate Judge has presented a well researched and thoughtful opinion reaching the

following important conclusions:

> (1)  The affidavit established probable cause to search Defendant's vehicles due
> to a reasonable suspicion of their use to transport stolen property.
>
> (2) The affidavit contained a statement regarding e-Bay records that the affiant
> knew to be false.  This statement must be excluded.
>
> (3) Affiant's statement regarding his experience with "fencing" of stolen property
> through the internet was overstated.  The affiant's experience and opinion cannot
> substitute for a lack of evidentiary nexus.
>
> (4) The remaining evidence of criminal activity through an e-Bay account does
> not establish a nexus between the alleged crime and the home.

Therefore, the Magistrate Judge concluded that the affidavit, absent an excluded portion, could

not support probable cause to search the Defendant's home.  Under these circumstances,

reasonable minds are likely to disagree.  On one aspect of the Magistrate Judge's conclusions

this  Court does so here for the following reasons.

I.

Sixth Circuit cases have not created perfect harmony when addressing whether an affidavit demonstrates probable cause for search of a home.  Here, this Court's sole disagreement concerns whether the affidavit supporting the warrant establishes sufficient nexus between the alleged criminal activity and the place searched.  *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (*en banc*).  To make sense of these issues, this Court has settled for guidance upon primarily a trio of cases:  Judge Merritt's opinion in *United States v. Schultz*, 14 F.3d 1093 (6th Cir. 1994); Judge Gilman's opinion in *United States v. Mick*, 263 F.3d 553 (6th Cir. 2001); and Judge Siler's majority opinion and Judge Moore's concurrence in *United States v. Newton,* 389 F.3d 631 (6th Cir. 2004).  These well-reasoned opinions present a broad spectrum of the Sixth Circuit court on the key issue of nexus between the suspected criminal activity and the place to be searched.[1]

A.

In *Schultz*, Judge Merritt allowed the search of a drug dealer's home, but suppressed the search of his bank safety deposit box.  The affidavit to search the apartment residence established little more than the defendant's identity as a drug dealer; that automobiles that he owned were parked in front of the apartment complex; and that an informant made calls to the subject apartment.  The authorities also learned of a safety deposit box and obtained a warrant based upon the "training and experience" of the officer that drug dealers often use such boxes in

---

[1] In our circumstances, if the search warrant affidavit fails to establish probably cause, the "good faith" exception cannot save it.  Where the affiant does not rely on the investigation or evidence of others, he must have known that some of the statements were untrue and that others may have been overstated.  A reasonable officer would not rely upon statements known to be either untrue or deceptive.  Therefore, the current motions will turn on whether the affidavit, absent the deleted material, establishes probable cause.

their criminal activity.

Judge Merritt said that "training and experience" alone were insufficient to support a warrant to search the bank box.  Nevertheless, he found a sufficient connection to the residence based on one or two phone calls to a third person at the residence.  *United States v. Schultz,* 14 F.3d at 1097.  Our affiant seems to have made at least as strong a connection between the criminal activity and the home as in *Schultz*.  He knew that a computer had been used with the same screen name to purchase items now registered to a known home address.  The denial of the warrant to search the bank box does not seem analogous to our case.

### B.

In *Mick*, the affiant had strong evidence that the defendant was involved in gambling activities.  He had some evidence that the defendant used a trailer as one focus of his gambling business.  However, the affiant had no direct nexus between the illegal activity and defendant's home.  Nevertheless, Judge Gilman's well-reasoned opinion upheld the district court's denial of the motion to suppress based upon the affiant's judgment that it was reasonable to conclude that the defendant's residence would contain gambling records and money.  *United States v. Mick*, 263 F.3d at 566.  Judge Gilman considered the affiant's experienced judgment along with other evidentiary and common sense factors.

In our case, the affiant at least had knowledge that Defendant would need access to a computer to conduct his e-Bay fencing operation and that some of the merchandise purchased through that e-Bay account were registered to his home address.  Our affiant's experienced assessments seems no less than that in *Mick*.  Alone it may be insufficient; but combined with other information and common sense deductions it could be enough.

C.

The most informative decision on the subject is *United States v. Newton*.  It contains a straightforward majority opinion by Judge Siler, joined by Judge Sutton, and a comprehensive critique and concurrence by Judge Moore.  These opinions cover some of the same themes evidenced in *Schultz* and *Mick*.  The Court found probably cause to search three suspected residences of an alleged drug dealer.  Our evidence of nexus between the screen name, the stolen property and Defendant's home actually seems stronger.

Judge Moore cautioned that probable cause to search a home may not arise merely from strong evidence of a criminal enterprise.  *Id.* at 641.  Rather, some additional "plus" is required. *Id.*  In *Newton*, Judge Moore accepted as a "plus," that the defendant tried to conceal the fact of his residence and the possibility that the defendant had been seen at one of the houses.  This "plus" evidence seems less persuasive than our own.  Judge Siler and Judge Moore approach this problem from different vantage points.  This Court concludes that our facts are sufficient to meet the slightly different interests of each.

D.

In our affidavit, the Court finds strong evidence of criminal activity.  It  reflects evidence that Defendant was involved in the criminal activity of handling of stolen merchandise and selling it through an e-Bay internet connection.  In addition to having the use of a computer, carrying out such an enterprise would require packaging, shipping and mailing of stolen items. This could not be accomplished at the workplace.  The affidavit reflects knowledge that Defendant's name was connected to an internet e-Bay account.  Some of the items purchased legally through that account were registered to Defendant at his home address.  These stated

facts as well as the nature of the suspected crime create a sufficient nexus with Defendant's home.  Our circumstances match well with the discussions in *Schultz, Mick* and *Newton*.

II.

The Magistrate Judge says that more investigation would have led to the discovery of the address of the person registered as "CSEnterprises 318."  This is quite true.  Yet, the question is not whether more could have been done, but whether what the affiant stated was enough.  Defendant was already personally connected to that internet screen name and the home address through the automobile registration and common knowledge of his home.

The most striking difference in this Court's view concerns whether the affiant had reason to believe that Defendant owned a home computer.  The Magistrate Judge says that the affiant did not have probable cause to believe this.  The Court takes a different view.  True, the affiant did not need possess direct evidence that Defendant owned a computer.  However, one does not need any additional information or experience to permit such an inference.  Nowadays, one can make a common sense assumption that a majority of households with incomes over $50,000 do own a personal computer.[2]  Moreover, here the affidavit demonstrates probable cause that Defendant actually used a computer to access his "e-Bay" account and to complete his alleged crimes.  The affiant need not rule out all other possible locations for the computer before making the reasonable inference that Defendant probably used a computer and probably kept it at home.  The Court finds based on the type of crime and common demographics that computer ownership is a reasonable assumption rather than speculation.

---

[2] Both the affiant and the issuing Magistrate Judge are entitled to make reasonable assumptions.  As it turns out, the 2000 United States Census found that of persons with $50,000 to $75,000 family income, 74% had access to a home computer and 51% used the internet from home.  No doubt these numbers would be higher when considering the select group of management employees at Best Buy.

The affiant need not see Defendant with stolen merchandise and follow him home before reasonably inferring that the operation is conducted there.  The affiant need not rely solely on his experience when asserting that evidence of the criminal activities may be found at home.  The affiant knew that he purchased his personal vehicle registered to his home address from a home computer.  It is reasonably probable that when he used the same screen name to sell stolen goods, he did so from the same place. Sure, it is possible that Defendant leased space from which to conduct his alleged criminal activities.  It is possible that he used a laptop from a remote location. However, the affiant need not explore or exclude that possibility in order to establish probable cause for the home search.

The Magistrate Judge was rightly upset that the affidavit contained statements that affiant knew to be false.  Such conduct cannot be tolerated.  For that reason, the offending statement is excluded entirely.  *See United States v. Jenkins*, 396 F.3d 751, 759 (6th Cir. 2005).  However, the Magistrate Judge said that the offending conduct is not a basis for suppressing an otherwise valid warrant.  The Court has found no authority or logic to the contrary.  The affidavit is merely considered without the excluded sentence.  After excluding the statement, the Court finds that the affidavit supports probable cause and does not amount to the allowance of a general warrant.

In all other respects, the Court agrees with the conclusions of the Magistrate Judge. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Magistrate Judge's recommendation is respectfully rejected and Defendant's motion to suppress is DENIED.

cc:    Counsel of Record